IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABDIKARIN ABDULKADIR ALI, | : |
| | : Case No. 2:20-cv-03388 |
| Petitioner-Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Chief Magistrate Judge Jolson |
| MERRICK GARLAND,[1] *et al.*, | : |
| | : |
| Respondents-Defendants. | : |

## OPINION & ORDER

This matter is before the Court on the Motion to Dismiss of Merrick Garland, Attorney General of the United States; Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security; Tracy Renaud, Senior Official Performing the Duties of Director, United States Citizenship and Immigration Services ("USCIS"); and Stacey Besecker, Acting Field Office Director, USCIS Columbus Field Office ("Defendants"). (ECF No. 17). Petitioner-Plaintiff opposes the Motion. (ECF No. 19). Plaintiff seeks *de novo* review of USCIS's denial of his Form N-400, Application for Naturalization ("Form N-400"), pursuant to 8 U.S.C. § 1421(c). For the following reasons, Defendants' Motion is hereby **GRANTED**.

### I. BACKGROUND

#### A. FACTUAL BACKGROUND

Plaintiff Abdikarin Abdulkadir Ali is a native and citizen of Somalia who arrived in the United States as a refugee in December 1998. (ECF No. 1 ¶ 15). On October 21, 2008, Mr. Ali

---

[1] At the time Defendants filed their reply, Monty Wilkinson was Acting Attorney General at the U.S. Department of Justice. Merrick Garland became Attorney General during the pendency of this Motion and is substituted as a Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

obtained permanent residence. (*Id.* ¶ 16). On January 9, 2018, Mr. Ali entered into a Pretrial Diversion Agreement with the U.S. District Court for the Southern District of Ohio, related to the offense of Health Care False Statements in violation of 18 U.S.C. § 1025. Under this agreement, Mr. Ali was ordered to perform 100 hours of community service, pay $28,785.27 in restitution, and enter a guilty plea before the Magistrate Judge. (*Id.* ¶¶ 17–18). Also on January 9, 2018, Magistrate Judge McCann King docketed a Report and Recommendation to the District Court Judge. (*Id.* ¶ 19). Neither side objected within the fourteen-day window. (*Id.*). The District Court Judge assigned never resolved the Report and Recommendation. (*Id.* ¶ 20). On September 18, 2018, Mr. Ali's case was dismissed. (*Id.* ¶ 21). His guilty plea was never accepted by the District Court Judge. (*Id.*).

On December 21, 2018, Mr. Ali filed his Form N-400 with USCIS. (*Id.* ¶ 22). A few months later, he appeared at the USCIS Field Office in Columbus to undergo his naturalization interview. (*Id.* ¶ 23). At the interview, he passed his English portion of the naturalization test, but not the history and civics portion. (*Id.*). He returned in July 2019 to retake the history and civics portion, which he passed. (*Id.* ¶ 24). Mr. Ali was then informed that a decision could not be made on his application and he would receive further communications via mail. (*Id.*). On October 16, 2019, USCIS sent Mr. Ali a Notice of Decision that it was denying his application. (*Id.* ¶ 25). USCIS informed Mr. Ali that he was permanently barred from establishing Good Moral Character under 8 U.S.C. § 1101(f)(8) because he had been convicted of an aggravated felony. (*Id.*). USICIS specifically found that Mr. Ali had pled guilty to "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," which constitutes an aggravated felony. (*Id.*).

On November 14, 2019, Mr. Ali filed a Form N-336, Request for Hearing on a Decision in Naturalization Proceedings. (*Id.* ¶ 26). His counsel submitted a brief on his behalf, challenging the

stated grounds for the denial of Mr. Ali's naturalization application. (*Id.*). USCIS conducted a review hearing on January 24, 2020 and the hearing officer informed Mr. Ali that he could not issue a decision at that time as he needed additional time to review the case materials. (*Id.* ¶ 27). A few days later, Mr. Ali received a decision affirming the original denial of his N-400 application, dated January 24, 2020. (*Id.* ¶ 28). The decision found that Mr. Ali pled guilty because he was required to as part of his Pretrial Diversion Agreement. (*Id.* ¶ 30). The decision also found that, even if the plea did not qualify as a conviction, the fact that Mr. Ali was ordered to pay restitution would be sufficient to find a conviction for immigration purposes. (*Id.* ¶ 31).

### B. PROCEDURAL BACKGROUND

Mr. Ali filed a Petition for Review pursuant to 8 U.S.C. § 1421(c) of the Immigration and Nationality Act ("INA"), seeking *de novo* judicial review of the denial of his application for naturalization in May 2020. (ECF No. 1). In his Petition, Mr. Ali argues that, because his guilty plea was never accepted by the District Court before the case was dismissed, he has not been convicted of an aggravated felony. (*Id.* at 3–4).

On January 4, 2021, the Defendants filed their Motion to Dismiss under Rule 12(b)(6). (ECF No. 17). The Defendants argue that Mr. Ali's guilty plea constitutes a "conviction" under the INA, so USCIS's determination as to his N-400 was correct. (*Id.* at 8–10). Alternatively, the Defendants contend that Mr. Ali has admitted sufficient facts to warrant a finding of guilty, which may also qualify as a "conviction" under the INA. (*Id.* at 10–11). Mr. Ali opposes the Defendants' Motion to Dismiss, arguing that he has satisfied Rule 8(a)'s pleading requirements. (ECF No. 19 at 2–3). He then disputes each of the Defendants' substantive arguments. (*Id.* at 3–5). The Defendants filed a reply, reiterating that Mr. Ali has not stated a justiciable claim because he is

challenging the clear language of a statute and the agency's application of said law. (ECF No. 20 at 2–3).

This motion is now ripe for consideration by this Court.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient "state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Hensley Mfg.*, 579 F.3d at 609 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). In short, the plaintiff's complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. LAW & ANALYSIS

The ultimate issue in this case is whether Mr. Ali is barred from becoming a naturalized citizen. A lawful permanent resident seeking to become a U.S. citizen through naturalization must meet every requirement of the Immigration and Nationality Act ("INA"), including sufficient

periods of residency, physical presence, and a record of "good moral character." 8 U.S.C. § 1427(a). USCIS denied Mr. Ali's N-400 application on the grounds that he was permanently barred from establishing good moral character under the INA because he had been convicted of an aggravated felony as defined by 8 U.S.C. § 1101(f)(8). Mr. Ali contests that determination and is seeking this Court's *de novo* review of USCIS's decision consistent with 8 U.S.C. § 1421(c).

The Defendants, in turn, seek to dismiss on the grounds that the petition cannot be granted because Mr. Ali is permanently barred from establishing good moral character. Resolution of the Defendants' motion to dismiss ultimately requires this Court to determine whether Mr. Ali admitted facts sufficient to warrant a finding of guilt. If he has, Section 101(a)(48)(A) of the INA will treat him as having been convicted of an aggravated offense for immigration purposes if a court has also imposed a punishment, penalty, or restraint on liberty in his case. If not, this Court will need to consider whether Mr. Ali's guilty plea was ever accepted. Mr. Ali, in his petition under 8 U.S.C. § 1421(c), asserts that it was not actually accepted. If the plea was not accepted and he has not admitted facts sufficient to warrant a finding of guilt, then Mr. Ali has stated a claim for relief and this Court may hold a *de novo* hearing on his petition.

### A. Jurisdiction

The INA authorizes intervention by federal district courts during the naturalization process when USCIS has denied a naturalization application. 8 U.S.C. § 1421(c); *see also Ogunfuye v. Acosta*, 210 F. App'x 364, 366 (5th Cir. 2006) (citing 8 U.S.C. §§ 1421(c)) (noting that the INA provides for judicial review "where a naturalization application is denied twice, first in an initial review and later in front of an immigration judge"). An applicant who seeks a review of his denial must first seek a hearing before an immigration officer under 8 U.S.C. § 1447(a). If the application

is then denied by the reviewing immigration officer, the applicant has exhausted his administrative remedies and may proceed under 8 U.S.C. § 1421(c) in federal court.

The Sixth Circuit has held that Section 1421(c)'s exhaustion requirement is a mandatory claim-processing rule. In *Shewika v. Department of Homeland Security*, the Sixth Circuit found that, while the administrative hearing requirement was not jurisdictional in nature, a plaintiff must still exhaust the administrative hearing requirement before *de novo* review in federal court is proper. 723 F.3d 710, 716 (6th Cir. 2013); *see also Kentucky v. United States ex rel. Hagel*, 759 F.3d 588, 599 (6th Cir. 2014) (citing *Hoogerheide v. IRS*, 637 F.3d 634 (6th Cir. 2011) ("In most cases, a failure to exhaust administrative remedies is fatal to a suit in federal court.")). Here, the Defendants do not contest that Mr. Ali has exhausted all administrative remedies. Mr. Ali filed his Form N-400 application for naturalization in December 2018 and received a denial in October 2019. (ECF No 1 ¶ 22; ECF No. 1-4). Mr. Ali then submitted a Form N-336 to request a hearing on denial of his N-400. (ECF No. 1-5). USCIS then issued its decision reaffirming the decision to deny the Form N-400. (ECF No. 1-6). This Court finds that Mr. Ali has satisfied the mandatory exhaustion requirement of 8 U.S.C. § 1421(c) and will now turn to the merits of the Defendants' Motion to Dismiss.

### B.     Good Moral Character under 8 U.S.C. § 1101(f)(8)

The primary issue in this case is whether Mr. Ali is permanently barred from establishing good moral character under the INA, which turns on whether he has been convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43). In their Motion to Dismiss, Defendants argue that Mr. Ali's petition shows that he has been convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(M) because he pled guilty to an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000. (ECF No. 17 at 13–14). In his petition, Mr. Ali

argues that he has not been convicted of such an offense because his guilty plea was never accepted by the District Court Judge. (ECF No. 1 ¶ 36). The Defendants note that the guilty plea need not have been accepted to constitute a conviction under the INA, because the INA also considers there to be a conviction for immigration purposes where an individual has "admitted sufficient facts to warrant a finding of guilt" and the judge "has ordered some form of punishment, penalty, or restraint on the alien's liberty be imposed." 8 U.S.C. § 1101(48)(A). The Defendants argue that Mr. Ali's petition before this Court shows that both of those elements are present, such that he has been convicted of an aggravated felony and cannot establish good moral character under the INA. Resultingly, they contend he has failed to state a justiciable claim and his petition must be dismissed.

This Court will thus consider the issue of whether the Petition shows that Mr. Ali has admitted sufficient facts to warrant a finding of guilt and that the judge ordered a form of punishment, penalty, or restraint to be imposed in his case. If this Court finds either of these elements lacking, it will then turn to the issue of whether Mr. Ali's petition contains allegations that his guilty plea was never accepted.

1. **Admission of Facts**

For individuals participating in programs where adjudication of guilt may be withheld, such as a diversion program, the INA may still treat them as having a conviction for immigration purposes. Under 8 U.S.C. § 1101(48)(A), a conviction will include a scenario where a foreign national has admitted sufficient facts to warrant a finding of guilt *and* a judge has ordered some form of punishment, penalty, or restraint on his liberty. The Defendants here argue that Mr. Ali both entered a guilty plea and admitted sufficient facts to warrant a finding of guilt. (ECF No. 17 at 8). Mr. Ali disputes that his guilty plea was ever accepted, but does not address the Defendants'

7

argument that admissions, coupled with a punishment, may still constitute a conviction. (ECF No. 1 ¶ 36; ECF No. 19 at 3–5). In their reply, the Defendants' emphasize the admissions that Mr. Ali made in the plea agreement, which they contend are sufficient to warrant a finding of guilt. (ECF No. 20 at 3–4).

Mr. Ali was charged with False Statements Relating to Health Care Matters, in violation of 18 U.S.C. § 1035. (ECF No. 1-3). The Plea Agreement outlined the elements of the offense as follows: 1) the defendant made a materially false, fictitious, or fraudulent representation; 2) in connection with the delivery of or payment for health care benefits, items or services involving a health care benefit program; and 3) the defendant did so knowingly and willfully. (*Id.* ¶ 2). The Plea Agreement also contained a *Padilla* Waiver, informing Mr. Ali of potential immigration consequences from his guilty plea and conviction. (*Id.* ¶ 5). He also agreed to the Statement of Facts attached to the Plea Agreement. (*Id.* ¶ 8). Mr. Ali signed the Plea Agreement and the Statement of Facts on October 11, 2017. (ECF No. 1-3 at 5–6). His previous attorney also signed both the Plea Agreement and the Statement of Facts on that date. (*Id.*).

The attached Statement of Facts described a program subsidizing the cost of childcare for low income families, administered by the Ohio Department of Family Services. (*Id.* at 6). Families participating in the program received 'swipe cards' for their children, which they swiped at the childcare center that their children attended. (*Id.*). Childcare providers were to document children's attendance and bill only for services that were provided. (*Id.*). Mr. Ali acknowledged that the following facts were true and correct after reviewing them with an attorney. (*Id.*). He admitted that from September 1, 2013 through September 22, 2013, he knowingly and willfully made false representations in connect with the payment for health care benefit services involving the childcare program described. (*Id.*). He admitted that, while employed as a manager at Global Childcare, he

"repeatedly swiped ECC attendance cards for children he knew were not attending Global Childcare." (*Id.*). He admitted that the total overbilling and loss amount attributable to his conduct was $28,785.27. (*Id.*).

The decision by the Board of Immigration Appeals (BIA) in *Matter of Mohamed* is instructive here. In this case, the Board found that the plain language of Section 101(a)(48)(a) did not require a finding of guilt by a judge or jury or a plea of guilty or nolo contendere to establish a conviction. 27 I. & N. Dec. 92, 97 (BIA 2017). Rather, a conviction could be established so long as the foreign national "has admitted sufficient facts to warrant a finding of guilt." *Id.* Where an applicant has been sworn and placed under oath, then admits in a stipulation of evidence that he has committed each element alleged and admitted his guilt, an applicant has thus admitted facts sufficient to warrant a finding of guilt, according to the BIA. *See id.*; *see also In re: 78522556, Motion on Administrative Appeals Office Decision*, 2020 WL 1819787, at *4 (AAO Mar. 31, 2020) (distinguishing *Matter of Grullon*, 20 I. & N. Dec. 12, 14–15 (BIA 1989) and finding conviction where adjudication was withheld but petitioner admitted sufficient facts to warrant a finding of guilt).

*Mohamed* has informed subsequent consideration of when deferred adjudication programs constitute convictions under the INA. *See, e.g.*, *Matter of J-B-*, 2019 WL 3386195, at *3 (AAO June 28, 2019) (noting that "conviction" under the INA encompasses "deferred adjudications where an individual admits sufficient facts to support a finding of guilt but the court defers entry of the judgment to allow the individual to complete a diversion program, even if the charge is ultimately dismissed"); *Matter of J-R-L-*, 2018 WL 3609337, at *2 (AAO July 9, 2018) (finding sufficient admissions of guilt where deferred prosecution agreement include confession to allegations in information, signed plea, and stipulation of admissibility). Even prior to *Mohamed*,

the clear text of the statute has been found to encompass scenarios wherein a plea was never entered. *See In re Application for Waiver of Grounds of Inadmissibility under Section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h)*, 2011 WL 7068567, at *4 (AAO Apr. 20, 2011) (emphasis added) (explaining that conviction may be established by evidence of "that a judge or jury has found the applicant guilty *or* that he has entered a plea of guilt *or* nolo contendere *or* has admitted sufficient facts to warrant a finding of guilt, as required by the first prong of section 101(a)(48)(A) of the Act").

In cases without a formal finding of guilt or entry of a plea, courts may consider the statutory framework for the diversion program, the actual diversion agreement, and any other relevant evidence to determine whether a person admitted facts sufficient to warrant a finding of guilt. *See J-B-*, 2019 WL 3386195, at *4. In Mr. Ali's recitations of the definition of "conviction" under the INA, the phrase "admitted sufficient facts to warrant a finding of guilt" is curiously omitted. Mr. Ali signed the Plea Agreement and accompanying Statement of Facts with the assistance of an attorney, attesting that he understood it, voluntarily agreed to it, and did not wish to change any part of it. In the Statement of Facts, Mr. Ali admits that he made false representations in connection the payment for health care benefit service involving the Ohio childcare subsidy program. He also admits that he did so knowingly and willfully. These are facts are sufficient to satisfy the elements of 18 U.S.C. § 1035. The INA does not incorporate reference to any specific provision in its definition of aggravated felonies involving fraud or deceit in which the loss to the victim or victims exceeds $10,000. *See* 8 U.S.C. § 1101(43)(M). Making false representations in connection with a government health care benefit program, in violation of 18 U.S.C. § 1035, constitutes an offense involving fraud or deceit. In Mr. Ali's case, he also admitted that the total loss attributable to his conduct was $28,785.27, which is well in excess of the INA's requirement

for an aggravated felony stemming from fraud or deceit. Accordingly, he has admitted facts sufficient to warrant a finding of guilt for an offense that would be considered an aggravated felony under the INA.

### 2. Imposition of Punishment, Penalty, or Restraint on Liberty

Whether Mr. Ali's admission of facts can constitute a conviction for immigration purposes turns on whether any punishment, penalty, or restraint on liberty was imposed in his case. Under 8 U.S.C. § 1101(48)(A), in cases where adjudication of guilt has been deferred, a conviction exists for immigration purposes only when two elements are satisfied: (1) there is a finding of guilt, a plea of guilty or nolo contendere, or admission of sufficient facts; and (2) the judge has ordered some form of punishment, penalty, or restraint on the foreign national's liberty. This Court has found the first element to be satisfied and will now turn to consider the second element.

Under the Plea Agreement, Mr. Ali agreed to pay restitution in the amount of $28,785.27. (*Id.* ¶ 9). On January 9, 2018, he gave his consent to proceed with a conditional guilty plea before the Magistrate Judge, which was to be followed by a Report and Recommendation to the District Court Judge. *See* Consent to Plead Guilty, *United States v. Ali*, No. 17-cr-285 (S.D. Ohio Jan. 9, 2018), ECF No. 14. On the same day, the Magistrate Judge issued an order setting the conditions of Mr. Ali's release. *See* Order Setting Conditions of Release, *United States v. Ali*, No. 17-cr-285 (S.D. Ohio Jan. 9, 2018), ECF No. 15. He was ordered to submit to supervision, to report to Pretrial Services, and to comply with all conditions of the Pretrial Diversion Agreement. *Id.* at 2, 4. In turn, the Pretrial Diversion Agreement required Mr. Ali to continue to live in the judicial district absent approval of relocation and transfer of supervision, perform at least 100 hours of community service, report to Pretrial Services, make restitution in the amount of $28,785.27 to the State of Ohio within 15 months, and pay $100.00 for the cost of prosecution. Pretrial Diversion Agreement

11

at 2–3, *United States v. Ali*, No. 17-cr-285 (S.D. Ohio Dec. 18, 2017), ECF No. 7. Any failure to comply with the conditions of release, including his Pretrial Diversion Agreement terms, could also trigger a separate penalty of a fine of not more than $250,000 or imprisonment of up to two years, or both. *See* Order Setting Conditions of Release at 5. Mr. Ali and his attorney signed the Pretrial Diversion Agreement on October 11, 2017. *See* Pretrial Diversion Agreement at 5.

The Defendants argue that because the order to pay restitution and comply with conditions of release would trigger revocation or modification if violated, then they can be considered criminal punishment, penalties, or liberty restraints within the meaning of 8 U.S.C § 1101(a)(48)(A)(ii). (ECF No. 17 at 11). The Defendants cite *De Vega v. Gonzales*, 524 F.3d 45 (1st Cir. 2007), and *Mohamed* in support of this proposition. (*Id.* at 11–12). In response, Mr. Ali argues that punishment alone cannot establish a conviction for immigration purposes. (ECF No. 19 at 4).[2] He also disputes the Defendants' contention that *Matter of Grullon* and *Matter of Fortis*, 14 I. & N. Dec. 576 (BIA 1974), are outdated because the "spirit of these precedents" has been acknowledged and upheld in decisions following the alteration of the definition of a "conviction." (*Id.* at 4–5). The Defendants reply that they do not argue that punishment alone can constitute a conviction under the INA, but rather that punishment coupled with an admission of facts sufficient to warrant a finding of guilt will qualify as a conviction for immigration purposes. (ECF No. 20 at 5). The Defendants also argue that the cases cited by Mr. Ali strengthen the basis of their motion to dismiss. (*Id.* at 6–8).

---

[2] The Plaintiff also includes a section in his response arguing that notice of possible immigration consequences under law does not constitute a conviction. (ECF No. 19 at 3–4). The Defendants reply that this is an accurate statement, as the INA does not address notice of immigration consequences in its definition of "conviction." (ECF No. 20 at 3). The Government Defendants emphasize that the *Padilla* Waiver in Mr. Ali's Plea Agreement provides important context that he cannot now claim "surprise in being denied naturalization." (*Id.* at 4).

As an initial matter, the Defendants do not appear to argue that the punishment imposed alone is sufficient to constitute a conviction for immigration purposes, and any such argument would contradict the clear text of 8 U.S.C § 1101(a)(48)(A). The Defendants instead argue that the imposition of restitution, community service, and supervision, in combination with a criminal penalty that would be imposed if Mr. Ali were to violate his Pretrial Diversion Agreement, constitutes the imposition of a punishment, penalty, or restraint on liberty by a court. This, in combination with his admission of facts sufficient to warrant a finding of guilt, together satisfy the definition of a "conviction" under the INA, according to Defendants.

*Mohamed* again proves instructive here. The applicant in *Mohamed* had participated in a pretrial diversion program where he had to complete community service and pay restitution, as well as follow numerous program rules and pay fees to participate in the program. 27 I. & N. Dec. at 94. In considering his appeal, the Board found that the obligations incurred by Mr. Mohamed in his participation "individually and cumulatively constitute[d] a 'form of punishment, penalty, or restraint on the alien's liberty' under section 101(a)(48)(A)(ii)." *Id.* at 97. The Board explained that the imposition of numerous costs, conditions, and restrictions—including community supervision, community service, restitution, and following a no contact order—in exchange for the prosecution's promise to dismiss the charges, could constitute a form of punishment, penalty, or restraint on his liberty. *See id.* at 97–98; *see also United States v. Bearden*, 274 F.3d 1031, 1042 n.4 (6th Cir. 2001) (noting that restitution is "at least in part, punishment"). Thus, while successful completion of the program may not have resulted in a conviction for the purposes of state law, it could still stand as a conviction for immigration purposes, where the individual had also admitted facts sufficient to warrant a finding of guilt. *See id.* Even the imposition of a mandatory condition that is not inherently punitive, such as requiring a defendant to participate in counseling, has been

found to satisfy the penalty or restriction on liberty element of Section 101(a)(48)(A) of the INA. *See, e.g.*, *In re J-M-L-G-*, 2018 WL 5311492, at *3 (AAO Oct. 10, 2018) (finding court-ordered counseling to be a penalty or restriction on liberty); *see also Matter of J-R-L-*, 2018 WL, 3609337, at *2 (AAO July 9, 2018) (holding that agreement requiring participant to not commit any other criminal offenses, to obtain a domestic violence assessment, and complete recommended courses constituted a punishment, penalty, or restraint on liberty).

When he signed the Pretrial Diversion Agreement, Mr. Ali became encumbered by restraints on his liberty. He had to follow the conditions of the Agreement, which included restrictions on his movement out of the judicial district, cooperation with supervision, and a requirement to work. (ECF No. 7 at 2–3; ECF No. 12). Mr. Ali also became subject to a punishment: he was required to pay $28,785.27 in restitution. (ECF No. 7; ECF No. 12). In exchange, the United States agreed to defer prosecution. (ECF No. 7 at 1). If he violated the terms of the Agreement, the United States could initiate prosecution for the underlying offense, as well as violation of the terms of the Agreement. (*Id.*). The obligations and the restitution were court-ordered by the Magistrate Judge assigned to the case. (ECF No. 12 (incorporating ECF No. 7 by reference)). A judge has thus ordered some form of punishment, penalty, or restraint on Mr. Ali's liberty, satisfying the second element for a conviction for circumstances where an adjudication of guilt has been withheld 8 U.S.C. § 101(a)(48)(A)(ii).

Because Mr. Ali has been convicted of an aggravated felony as defined by the INA and therefore cannot establish that he is eligible for naturalization, Mr. Ali has failed to state a claim upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss is **GRANTED**.[3]

---

[3] As 8 U.S.C. § 101(a)(48)(A) makes clear, a guilty plea need not be formally accepted for there to be a conviction under the INA. The arguments raised by Mr. Ali about the non-resolution of the Magistrate Judge's Report and Recommendation on his guilty plea are thus foreclosed here, where his petition shows that he made admissions of fact sufficient to warrant a finding of guilt and the Magistrate Judge imposed a punishment.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss (ECF No. 17) is **GRANTED**. Mr. Ali's Petition for Review of Denial of Application for Naturalization Pursuant to 8 U.S.C. § 1421(c) is therefore is **DISMISSED**.

**IT IS SO ORDERED.**

*/s/ Algenon L. Marbley*
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: July 1, 2021**